### MARVIN E. WINTERS v. THE STATE.

#### No. 4172. Decided October 11, 1916.

**Theft—Charge of Court—Sufficiency of the Evidence—Alibi.**

Where, upon trial of theft, defendant pleaded an alibi, and the State introduced facts and circumstances to prove that defendant's statements and explanations were not true, but introduced no proof tending to show that his alibi was false, a verdict of guilty would not be disturbed, if the charge of the court had been correct, which authorized the jury to convict the defendant of theft under a state of facts, which would only render him guilty of receiving stolen property, or as an accomplice to the same.

Appeal from the District Court of Wichita. Tried below before the Hon. E. W. Nicholson.

Appeal from a conviction of theft; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*J. M. Blankenship,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of theft of an automobile and his punishment assessed at two years confinement in the State penitentiary.

H. C. Carpenter left his automobile in front of a moving picture show Tuesday night, and it was stolen between 9 and 10 o'clock that night.

The automobile, subsequently identified as Mr. Carpenter's automobile, was seen in appellant's possession on Wednesday, and he was shown to be in possession all the remainder of the week. Sunday, Mr. Carpenter identified it as his car, and appellant was arrested.

Appellant at the time he was arrested gave an explanation of his possession, and on the trial testified that he was at home Tuesday night when the automobile was stolen; that Wednesday afternoon while he was at work at the sash and door factory, a man named J. C. Thomas

brought the car to him and left it with him for repairs; that Thomas authorized him to sell the car for $100 and he might have all the excess. His father, mother and sister gave testimony that, if true, rendered it impossible for appellant to have taken the car on Tuesday night.

The State introduced facts and circumstances to prove that the explanation was untrue, but introduced no proof tending to show that his alibi was false; however, if the verdict of the jury necessarily implied they found this to be untrue, we would not disturb the verdict. The jury, after considering the case some time, returned into court and propounded in writing the following question: "If the jury believes the defendant knew that the automobile was stolen property when he took possession of it on Wednesday, March 29th, whether he had previous arrangement with the thief or not, does the law require that we find him guilty?" It is thus seen that the jury found that appellant did not take the car from in front of the picture show on Tuesday night, but that he received it Wednesday, as testified to by him. The court in answer to this question instructed the jury that if they believed he received the car on Wednesday from another in pursuance of an agreement with some other person to steal it and deliver it to him, he would be guilty. This instruction, we think, improper, for if he received the property, knowing it to have been stolen, he would be guilty of receiving stolen property and not theft. If he had an agreement with another for such other person to go and steal the property, he not being present, and at the time the theft was committed he did nothing in pursuance of the common design or in aid of the person so stealing, he would be an accomplice to the crime, and could not be convicted under an indictment charging him with theft of the property. In this record there is no evidence of any previous understanding or agreement. Because of this error in the instruction given to the jury authorizing them to convict appellant of theft under a state of facts which would only render him guilty of receiving stolen property, or as an accomplice to theft, it will be necessary to reverse the case. It is manifest that he was convicted after the question was propounded and answer given under a mistaken idea that such a state of facts would render him guilty of the original taking, and when one is charged with one crime, and he is authorized to be convicted of that offense under a state of facts rendering him guilty of an entirely different crime, such a charge is fundamentally erroneous, for one can be convicted only for the crime for which he is being tried.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*